IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GAVRIEL GREEN,

        Plaintiff,

        v.

CITY OF TALENT and
STAR COLLISION CENTER, INC.,

        Defendants.

Case No. 1:24-cv-1873-MC

OPINION AND ORDER

MCSHANE, Judge:

        Self-represented Plaintiff, Gavriel Green, seeks leave to proceed *in forma pauperis* ("IFP") in this action against the Talent Police Department and Star Collision Center, Inc. *See* Pl.'s IFP Appl., ECF No. 2; Pl.'s Compl., ECF No. 1.

        This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. The court construes pleadings by self-represented litigants liberally, affording the litigant "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Unless it is "absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

1 – Opinion and Order

## DISCUSSION

Here, Plaintiff has successfully demonstrated that he is unable to pay the court fees. Plaintiff has failed to show, however, that the claims he seeks to pursue are not frivolous.

To survive an assessment under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged must constitute "more than a sheer possibility that a defendant acted unlawfully." *Id.* Although the court must take the allegations contained in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*, 550 U.S. at 555).

In the Complaint, Plaintiff alleges he was stopped by an officer while driving an unregistered vehicle without a valid license. Pl.'s Compl. ¶¶ 8–13. Plaintiff directed the officer to check his "non-citizen national USA passport," which allegedly prompts the officer with the following message: "Restricted – Do not stop. Do not detain. Do not interrogate – Lifetime Concealed Weapons Permit." *Id.* at ¶¶ 20–22. The officer ran the vehicle's VIN and concluded that Plaintiff was not the registered owner. *Id.* at ¶¶ 27–30. He cited Plaintiff for invalid registration, insurance, and vehicle tags, and he instructed Plaintiff that registration will be required to retrieve the vehicle from the impound. *Id.* at ¶¶ 30–33. The officer opened Plaintiff's door, turned off the vehicle, unbuckled the seatbelt, and tugged Plaintiff's arm. *Id.* at ¶¶ 35–38. With Plaintiff's consent, the officer searched the vehicle. *Id.* at ¶¶ 45–46. He discovered a concealed firearm inside the spare tire compartment. *Id.* at ¶¶ 47–49. A station officer later

2 – Opinion and Order

commented that possession of the firearm was an arrestable offense, but Plaintiff was never arrested. *Id.* at ¶ 50. He spent the night with his belongings at a hotel. *Id.* at ¶ 51. When Plaintiff retrieved his vehicle from Star Collision, they charged a storage fee and requested a valid license. *Id.* at ¶¶ 64–65.

Based on those allegations, Plaintiff brings 11 claims: (1) First Amendment violation; (2) Fourth Amendment violation; (3) Fifth Amendment violation; (4) Second Amendment violation; (5) failure to pay rental fees due; (6) infliction of emotional distress; (7) breach of contract; (8) false and misleading information; (9) lack of full disclosure, predatory pricing, and extortion; (10) battery and assault, and (11) treason. Plaintiff seeks payment of either 6,414 troy ounces of gold or $17,040,934.91, an order compelling the Talent Police to study the Constitution and allow alternate IDs that permit civilians "to be let alone," and an injunction preventing Star Collision from towing vehicles.

The facts alleged do not support Plaintiff's 11 claims and requested relief. Put simply, nothing unlawful has been alleged. It is not Plaintiff's right, despite his contentions, to operate a vehicle without a valid license or registration. Both are legally required, and some unidentifiable passport that directs officers to leave the holder alone does not absolve Plaintiff of the laws that apply to every vehicle operator on the road. Correspondingly, the officer was permitted to stop Plaintiff and—upon learning Plaintiff was neither the registered owner nor held valid driver's license—to impound the vehicle. Plaintiff did not suffer First, Second, or Fourth Amendment deprivations based on those allegations. Likewise, Plaintiff did not suffer Fourth Amendment violations because Plaintiff admittedly consented to the search that revealed the firearm in his trunk. Once given, that consent cannot be revoked simply because the officer discovered something Plaintiff did not think would be found. Notably, Plaintiff was not arrested, cited, or

otherwise punished for the concealed possession of the firearm. As to the allegations directed at Star Collision, the Complaint does not cite to, and the Court is unaware of, any laws that preclude Star Collision from charging a storage fee, requiring identification, or restricting an unregistered owner's access to a vehicle after it has been transferred to the impound by law enforcement. Star Collision was also not required to obtain Plaintiff's consent prior to towing. The remaining claims suffer from similar deficiencies. The allegations are too conclusory and ambiguous to determine what harm is being alleged against which Defendant under what law.

Because the Complaint lacks sufficient allegations from which the Court could plausibly infer that Defendants were liable for harm to Plaintiff, the Court cannot grant Plaintiff's request to proceed IFP. However, out of an abundance of caution, the Court dismisses Plaintiff's Complaint without prejudice and with leave to file an amended complaint within 30 days.

## CONCLUSION

Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice and with leave to amend. The amended complaint, if any, is due thirty (30) days from the issuance of this Opinion and Order. Plaintiff's Motion for Summary Judgment, ECF No. 5, is DENIED as moot. Plaintiff's Application, ECF No. 2, is held in abeyance pending the filing of an amended complaint.

IT IS SO ORDERED.

DATED this 17th day of December, 2024.

                                                    ___s/Michael J. McShane_____
                                                        Michael McShane
                                          United States District Judge