gavriel: green, beneficiary
℅ 332 NE 24th Avenue
Portland, Oregon near [97232]
Plaintiff

**United States District Court**

**District Of Oregon**

**Medford Division**

| | |
|---|---|
| Gavriel Green | Civil Case No.: 1:24-cv-01873-MC |
| Plaintiff, | |
| v. | OBJECTION TO THE JUDGE'S OPINION AND ORDER |
| City of Talent, DBA Talent Police Dept; | |
| Star Collision Center, Inc., DBA Star Body Works | |
| Defendants. | |

PLAINTIFF gavriel: green, proceeding in propria persona, respectfully submits this Objection to Hon. Michael McShane's *Opinion and Order* dated December 17, 2024, which dismissed Plaintiff's Complaint with leave to amend. This objection is based on the grounds that this Honorable Court is using color of law to deprive Plaintiff of his Constitutionally protected rights to a speedy and fair trial, trial by jury, due process, discovery, and to call witness. Plaintiff contends that Hon. Michael McShane's *Opinion and Order* is invalid on its face, unconstitutional, violates the United States judge's oath of office (28 U.S. Code § 453) as well as the Code of Conduct for United States Judges, and is deemed irrelevant.

1 - Plaintiff's Objection to the Judge's Opinion and Order

I. <u>The Judge's *Opinion and Order* is Invalid on its Face on the Following Bases:</u>

a. **Lack of Jurisdiction**: The Order was issued from the Eugene Division, which lacks jurisdiction over this case.

b. **Incorrect Case Number**: The case number in the caption is incorrect (as well as placed on the wrong line), rendering the Order procedurally defective.

c. **Extraterritorial Jurisdiction**: The case was filed as a common law claim for the deprivation of Constitutionally protected rights, explicitly limiting this honorable court's jurisdiction to act in its capacity as an Article III common law court and uphold its duty as a public servant to protect Plaintiff's inalienable constitutional rights. Common law recognizes the infinite rights of individual People, provided they do not infringe on the rights of others. Common law does not acknowledge victimless crimes or the State as a victim. Any one of Plaintiff's infinite rights, even if not explicitly outlined in the Constitution, remains protected under the Ninth Amendment.

Furthermore, the U.S. Supreme Court has ruled "Since, in common usage, the term "person" does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it." *United States v. Cooper Corp* 312 U.S. 600 (1941).

The Judge's *Opinion and Order* fails to cite any relevant case law, common law principles, or Constitutional provisions to support the conclusion that the case is frivolous or lacks a valid claim for relief. Instead, the Order relies solely on statutory language and principles—applying the wrong body of law, rendering the Order invalid on its face.

d. **Fabrication of Facts**: The *Opinion and Order* is based on "facts" Plaintiff did not allege, rendering the Order invalid on its face.

e. **Questionable Signature:** The Order is signed "s/Michael J. McShane", which deviates from the standard e-signature format "/s/" and from Hon. Michael McShane's signatures on Orders in other cases. While this could be a clerical error, Plaintiff requires verification of the Judge's intent (i.e., does the Judge stand behind his Opinion and intend for the Order to be enforceable?)

II. The Judge's *Opinion and Order* is Deemed Unconstitutional on the Following Bases:

   a. Plaintiff reserved his rights on the Complaint and IFP application. By dismissing Plaintiff's case before the Defendants are even served, the Judge deprives Plaintiff of the right to a speedy and fair trial, trial by jury, due process, discovery, and to call witness.

   b. The Order employs the color of law to justify the very deprivation of rights Plaintiff initially sued Defendants for, with the Judge now actively defending and perpetuating the same infringements Plaintiff sought to remedy.

   c. The Judge contends that State police may override the U.S. Department of State's Bureau of Consular Affairs instructions encoded in Plaintiff's passport. However, that conflicts with the Supremacy Clause, which establishes federal law as superior to State law, rendering this Opinion unconstitutional.
   [At the risk of commingling Constitutional law and statute, Plaintiff would like to cite 18 U.S. Code § 1545 - Safe Conduct Violation: "Whoever violates any safe conduct or passport duly obtained and issued under authority of the United States shall be fined under this title, imprisoned not more than 10 years, or both."]

   d. The Judge contends that tow companies may deprive We the People of their property without their consent (and even charge a fee for it!), without a contract between the

People and the tow company, and without due process. This conflicts with the Constitutional protection against involuntary servitude and the right to due process.

e. The Judge's *Opinion and Order* supports excessive fines, cruel and unusual punishment, double jeopardy, and the systemic infringement of We the People's unalienable right to Liberty and the pursuit of Happiness.

III. The Judge's *Opinion and Order* Violates the Code of Conduct for United States Judges:

a. The Judge's fabrication (and distortion) of facts not alleged, combined with the other issues detailed in Section I of this *Objection*, violate Canon 2, which establishes a judge's duty to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

b. Hon. Michael McShane took an oath of office to "do equal right to the poor and to the rich" and to perform his duties under the Constitution. The U.S. Constitution is the Supreme Law of the land, and any code or regulation repugnant to it is null and void. No court is bound to enforce an unconstitutional law. *Marbury v. Madison* 5 US 137 (1803). The IFP statute deprives Plaintiff of the fundamental rights to a speedy and fair trial, trial by jury, due process, discovery, and to call witness. Furthermore, enforcing this unconstitutional "law" erodes public confidence in the integrity of the judiciary. Therefore, this Honorable Court must prioritize the U.S. Constitution over the IFP statute.

c. The Judge's bias toward the Police, along with the secondary abuse of dismissing Plaintiff's Complaint about the Police's abuse of power, constitute a violation of Canon 3. Additionally, by obstructing Plaintiff's "full right to be heard according to law" and

assuming the role of the Jury—whose duty is to determine *both the facts and the law*—the Judge is in further violation of Canon 3.

### IV. The IFP Statute 28 U.S. Code § 1915(e)(2)(B) is Irrelevant:

The statute states "**(2)**Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if…" However, "Courts in virtually every English-speaking jurisdiction have held—by necessity—that *shall* means *may* in some contexts, and vice versa." (B. Garner, *Dictionary of Modern Legal Usage* 939 (2d ed. 1995)). In light of the substantial conflicts between Plaintiff's constitutional rights and this IFP statute, *shall* must be understood as *may* in this instance.

### V. Plaintiff Does Not Understand the Following Terms From the Judge's *Opinion and Order*:

a. **"Self-represented":** Plaintiff is not aware of representing any secondary "self."

b. **"Vehicle":** Is this referring to a private conveyance, such as a private motor carrier, used primarily for personal, family or household purposes (as defined under UCC § 9-102(23) as "consumer goods")?

c. "The term **"vehicle registration"** means the registration of any commercial motor vehicle under the International Registration Plan (as defined in section 31701) or any other registration law or regulation of a jurisdiction." (49 USC § 14504a(a)(10)).

d. **"Operate":** Is this referring to the non-commercial use of a private conveyance?

e. **"Firearm":** Both the U.S. and Oregon Constitutions protect the right to bear arms. Where in Plaintiff's Complaint does the Judge find the statutory term "firearm"?

f. **"Unidentifiable passport":** Is the judge referring to the extra step LEO's must take to verify a passport holder's internal records with the U.S. Dept. of State?

g. **"Civilian":** As opposed to military personnel? Plaintiff identifies as one of "We the People" and has referred to himself as a "free inhabitant" in the Complaint—not civilian.

h. **"Unlawful" and "Legally required":** The terms "lawful" and "legal" have distinct meanings, yet the Judge seems to use them interchangeably. This creates confusion, as "lawful" aligns with higher principles such as constitutional or natural law, whereas "legal" is arbitrary and statutory. Plaintiff requests clarification.

**WHEREFORE**, Plaintiff gavriel respectfully requests that this Honorable Court:

1. Vacate the Order to dismiss Plaintiff's Complaint.
2. Issue an Order for Defendants to be served immediately, without any amending.
3. Clarify the intent behind the Judge's signature on the *Opinion and Order*.
4. Clarify the terms listed under section V. of Plaintiff's Objection.
5. Provide Plaintiff an original or certified copy of the Judge's signed Oath of Office.
6. Provide Plaintiff the Judge's bond number.
7. Provide Plaintiff the Judge's Foreign Agents Registration, if applicable.

January 2, 2025

Respectfully Submitted,

without prejudice,

*gavriel*
gavriel: green, beneficiary