IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GAVRIEL GREEN, | Case No. 1:24-cv-1873-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CITY OF TALENT et al, | |
| Defendants. | |

_____

MCSHANE, Judge:

      On November 12, 2024, self-represented Plaintiff Gavriel Green filed a Complaint and applied for leave to proceed *in forma pauperis* ("IFP") in this action. Pl.'s Compl., ECF No. 1; Pl.'s IFP Appl., ECF No. 2. The Court screened the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), and determined that it failed to state a claim. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). The Court dismissed the Complaint without prejudice and with leave to file an amended complaint within 30 days. Opinion and Order, ECF No. 6. Plaintiff timely filed an Amended Complaint. Pl.'s First Am. Compl., ECF No. 11 ("FAC"). Plaintiff additionally filed objections to the Court's Opinion and Order and a Second Amended Complaint ("SAC"). Object., ECF No. 9; SAC, ECF No. 12. Because the Opinion and Order is not one for which objections may be filed, ECF No. 9 is moot. As to the SAC, Plaintiff was granted to leave to file one amended complaint within 30 days—not leave to reattempt filing at his discretion at any time in the future. The SAC is therefore improper. The Court directs its evaluation at the FAC.

1 – Opinion and Order

## **DISCUSSION**

To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must take the allegations in the complaint as true. *Id.*

Here, Plaintiff was granted an opportunity to amend his Complaint in light of the deficiencies highlighted in the Opinion and Order. The FAC fails to do so. Instead of correcting the pleading issues, Plaintiff left in many of the same factual allegations and tacked on a handful more that relate to a newly added Defendant: Jackson County Justice Court. Because the amendments fail to cure the deficiencies and instead create more pleading issues for Plaintiff, the FAC fails to state a claim and must be dismissed, as explained below.

Plaintiff's allegations paint the following story. Plaintiff was driving from California to Oregon, when Officer Michael Sanchez pulled him over. FAC ¶¶ 10–22. After not providing a driver's license or proof of insurance, "Plaintiff informed [Officer Sanchez] that he had not registered his private property with the DMV and had instructed them to destroy the title and remove the VIN from their records, as the automobile would not be used in commerce at all." *Id.* at ¶¶ 27–38. Officer Sanchez ran the vehicle's VIN, concluded that Plaintiff was not the registered owner, informed him that the vehicle needed to be registered before being retrieved from the impound, and cited Plaintiff for not having insurance or properly displaying registration tags. *Id.* at ¶¶ 39–45. Plaintiff consented to a search, and inside the lining of his trunk, Officer Sanchez found Plaintiff's firearm. *Id.* at ¶¶ 63–72. Plaintiff received no ticket or punishment for the firearm. Plaintiff was never arrested. He spent the night in a hotel and retrieved his property

from the impound the following day, who charged him a fee and asked for identification. *Id.* at ¶¶ 75–96.

As explained in this Court's prior dismissal, those allegations do not support the 13 claims that Plaintiff asserts: (1) infringement of right to travel; (2) infringement of Fourth Amendment; (3) infringement of Fifth Amendment; (4) infringement of Second Amendment; (5) infringement of Eighth Amendment; (6) failure to pay rental fees due; (7) trademark infringement; (8) infliction of emotional distress; (9) breach of contract; (10) false and misleading information, bad faith; (11) lack of full disclosure, predatory pricing, and extortion; (12) battery and assault; and (13) racketeering.

The allegations directed at Officer Sanchez, which are largely left unamended, continue to lack any showing that something unlawful happened. To pull Plaintiff's vehicle over, Officer Sanchez was not required "to articulate any constitutional emergency," nor "establish jurisdiction over Plaintiff, a foreign national engaged in non-commercial interstate travel, who posed no threat," nor his "private conveyance, federally recognized as a private motor carrier." FAC ¶¶ 23, 25, 26. ¶ 26. Likewise, Officer Sanchez was within his right not to accept Plaintiff's "passport" which states: "Restricted - Do not stop. Do not detain. Do not interrogate - Lifetime Concealed Weapons Permit" in lieu of a driver's license. *Id.* at ¶ 28. Despite Plaintiff's "clarification that he is not a U.S. citizen," he needs a valid driver's license to drive here. Because those allegations do not support that Officer Sanchez acted unlawfully, they fail to make out a cognizable legal claim.

Plaintiff's claims against Star Body fail for similar reasons. The factual allegations detail that he was charged a fee when his property was impounded, and that he was restricted access to his property until he paid and provided identification. FAC ¶¶ 87–96. Without more, those allegations do not make out a claim for constitutional deprivations nor a contract dispute. The

3 – Opinion and Order

vehicle was impounded by the police; it is immaterial that "Plaintiff did not request or consent to any of Star Body's towing or storage 'services.'" *Id.* at ¶ 87.

Turning to the newly added claims and Defendant, Plaintiff alleges he mailed the Court a copy of his citation with the words: "Refused for Cause - No Contract - No Consent." FAC ¶¶ 97–99. "When Plaintiff called The Court to follow up, the receptionist denied receiving Plaintiff's refusal to contract and stated that the case was still open." *Id.* at ¶ 101. "Plaintiff informed The Court his NAME is trademarked, explicitly stating that he was providing fair notice that enforcing the fines would constitute trademark infringement." *Id.* at ¶ 102. The Court eventually stopped responding and Plaintiff now claims it "has contractually agreed to compensating Plaintiff for any distress they caused or may cause." *Id.* at ¶ 110. To be clear, Jackson County Courts do not need a consensual contract relationship with Plaintiff in order to have jurisdiction over him or his case. To the extent Plaintiff hopes to raise procedural and jurisdictional matters arising out of that court's decisions, the *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Beyond that, the factual allegations provide no basis from which this Court could plausibly infer that Jackson County Court "and its magistrates profit from guilty verdicts, a bias that denied Defendants' victims due process," in violation of racketeering laws. FAC ¶ 320.

## CONCLUSION

Plaintiff was given notice of the deficiencies of his claims and time to amend. His amendments have failed to cure those deficiencies and raise new pleading issues. Therefore, the Court is precluded from granting Plaintiff leave to proceed IFP. The Amended Complaint, ECF

No. 11, is DISMISSED with prejudice and without leave to amend. Plaintiff's IFP Application, ECF No. 2, is DENIED accordingly.

IT IS SO ORDERED.

DATED this 14th day of February, 2025.

                                                  _s/Michael J. McShane_
                                                  Michael McShane
                                          United States District Judge